This was a qui tam action on the statute of usury. (Digest, 314.)
Johnson, the obligor in the bond, was called to prove the usury; and objected to on the ground that it was not competent for him to contradict his own deed by parol; (2 Stark. Ev. 995 to 1004;) that parol evidence was not admissible even to explain a written instrument, unless it was ambiguous in its terms; (3 Campb. 226; 2 Saund. Pl. Ev. 696) and that the principle would be extremely dangerous to admit the borrower of money to prove a different Contract from that expressed on the face of his bond, and, by merely substituting some friend as a common informer, to make his creditor forfeit the money due upon the bond.
Bayard, contra, admitted the general positions of Mr.Hamilton to be sound, but insisted that fraud and usury were exceptions. 3 Stark. Ev. 1016; Comyn. on Usury, 226, (86); 2 Saund. Plead. Ev. 498; 2 Bos. Put. 116.
The Court admitted the evidence. Where fraud is imputed, any consideration, however contrary to the deed, may be proved by parol: and to exclude the borrower would be to repeal the statute against usury. Roscoe Ev. 10; 9 East, 421; Comyn. on Usury,
224. 224.
 The plaintiff had a verdict.